**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| JASON DODGE,<br><br>        Plaintiff,<br><br>vs.<br><br>BNSF RAILWAY COMPANY, et al.,<br><br>        Defendant(s). | **Case No.** C08-5542 JKA<br><br>C09-5651 JKA<br><br>ORDER ON PLAINTIFF'S MOTION TO CONSOLIDATE CASES |

      This matter comes before the court on Plaintiff's Motion to Consolidate the above captioned cause numbers pursuant to Local Civil Rule CR 7 and Fed. R. Civ. P 42 (a). Doc. 29. The court has considered all materials submitted in support of and in response to said motion, as well as the files and records herein. All parties have consented to the assignment of both cases for all purposes to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c).

      Plaintiff Jason Dodge initiated suit against BNSF Railway Company on September 8, 2008, seeking relief under the Federal Employers Liability Act (C08-5542). The matter is set for trial before the undersigned June 14, 2010.

      On October 16, 2009, plaintiff, Dodge, filed suit against BNSF Railway and defendants Beck, Iverson, Hackney, Filcher, and Jones (management and supervisory employees of BNSF) seeking relief under 49 U.S.C. § 20109 (C09-5651). The Joint Status Report is due February 17, 2010.

Order - 1

Plaintiff seeks consolidation of the cases on the following bases:

(1) they share common questions of fact,

(2) judicial economy and efficiency, and

(3) better facilitate discussions.

Plaintiff argues that both cases arise out of the same factual scenario and that there will be duplicate witnesses if the cases are tried separately.

Defendants counter that the later case names five defendants not named in the earlier case; that consolidation would be unfair to defendants if they were held to the June trial date scheduled in the earlier case; that the earlier case is about the plaintiff's alleged injury and the later case revolves around the question of whether he honestly reported the injury and whether he was terminated for dishonesty or in retaliation for filing the FELA claim.

The court concludes that while it is true that the facts surrounding the plaintiff's credibility with regard to the alleged incident and injuries might be similar and repetitive if the cases are tried separately, the allegations regarding the termination and reasons therefore would likely present evidentiary problems, and jury confusion unless the issues are carefully bifurcated either by denying the motion to consolidate or by trying the issues in tandem.

ACCORDINGLY, the court rules as follows:

(1) C08-5542 is rescheduled for trial to begin September 27, 2010.

(2) C09-5651 is scheduled for trial to begin immediately following the conclusion of the trial under cause C08-5542.

(3) A scheduling order will be entered in C09-5651 in accordance with the September 27, 2010 trial date, following the return of the Joint Status Report due February 17, 2010.

(4) Both cases are to be mediated simultaneously pursuant to Local Rule 39.

(5) The matter is scheduled for a pre-trial conference September 13, 2010 at 9:00 a.m., at which time the court will review further with counsel the logistics of trying the cases/issues in tandem, possibly with same jury.

Dated this 26th day of January 2010.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
U.S. Magistrate Judge

Order - 2